FILED

2009 MAR 24 AM 11: 30

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

HOME ASSURE, LLC,
a Florida limited liability company,

B HOME ASSOCIATES, LLC,
a Florida limited liability company, also d/b/a
EXPERT FORECLOSURES,

BRIAN BLANCHARD,
individually and as a member, officer, or
director of Home Assure, LLC and B Home
Associates, LLC,

MICHAEL GRIECO,
MICHAEL TRIMARCO, and
NICOLAS MOLINA,
individually and as members, officers, or
directors of Home Assure, LLC,

    Defendants.

Case No.

8:09-cv-00547-T-23TBM

## PLAINTIFF'S COMPLAINT FOR PERMANENT INJUNCTIVE AND OTHER EQUITABLE RELIEF

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), for its complaint alleges:

1. The Commission brings this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to secure temporary, preliminary, and

S-1

permanent injunctive relief; rescission or reformation of contracts; restitution; disgorgement of ill-gotten gains; and other equitable relief for Defendants' deceptive acts or practices in connection with the selling of mortgage foreclosure rescue services in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331(a), 1337(a), and 1345, and 15 U.S.C. §§ 45(a) and 53(b).

3. Venue in the United States District Court for the Middle District of Florida is proper under 28 U.S.C. §§ 1391(b) and (c), and 15 U.S.C. § 53(b).

## THE PARTIES

4. Plaintiff FTC is an independent agency of the United States Government created by statute. 15 U.S.C. § 41 *et seq*. The FTC is charged, *inter alia*, with enforcement of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and to secure such equitable relief as may be appropriate in each case, including restitution and disgorgement. 15 U.S.C. § 53(b).

5. Defendant Home Assure, LLC was a Florida limited liability company that had its principal place of business at 17755 US Highway 19 N, Suite 300, Clearwater, Florida. Home Assure, LLC has transacted business in this district and throughout the United States.

6. Defendant B Home Associates, LLC, also doing business as Expert Foreclosure ("Expert Foreclosure"), is a Florida limited liability company that has its principal place of business at 2010 Drew Street, # 1, Clearwater, Florida. Expert Foreclosure transacts or has transacted business in this district and throughout the United States.

7. Defendant Brian Blanchard ("Blanchard") is or was an owner, member, officer, and/or director of Defendants Home Assure, LLC and Expert Foreclosure. Individually, or in concert with others, he directed, controlled, had the authority to control, formulated, or participated in the acts and practices of Home Assure, LLC set forth herein. Individually, or in concert with others, he directs, controls, has the authority to control, formulates, or participates in the acts and practices of Expert Foreclosure set forth herein. Blanchard resides in, and transacts or has transacted business in this district and throughout the United States.

8. Defendant Michael Grieco ("Grieco") was an owner, member, officer, and/or director of Defendant Home Assure, LLC. Individually, or in concert with others, he directed, controlled, had the authority to control, formulated, or participated in the acts and practices of Home Assure, LLC set forth herein. Grieco transacts or has transacted business in this district and throughout the United States.

9. Defendant Michael Trimarco ("Trimarco") was an owner, member, officer, and/or director of Defendant Home Assure, LLC. Individually, or in concert with others, he directed, controlled, had the authority to control, formulated, or participated in the acts

and practices of Home Assure, LLC set forth herein. Trimarco transacts or has transacted business in this district and throughout the United States.

10. Defendant Nicholas Molina ("Molina") was an owner, member, officer, and/or director of Defendant Home Assure, LLC. Individually, or in concert with others, he directed, controlled, had the authority to control, formulated, or participated in the acts and practices of Home Assure, LLC set forth herein. Molina transacts or has transacted business in this district and throughout the United States.

## COMMERCE

11. At all times material to this complaint, Defendants have maintained a substantial course of trade, in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## **DEFENDANTS' BUSINESS ACTIVITIES**

12. From early 2007 through late 2008, Defendants Home Assure, LLC, Blanchard, Grieco, Trimarco and Molina (collectively "Home Assure") conducted a nationwide marketing scheme to sell purported mortgage foreclosure rescue services to consumers residing throughout the United States.

13. Home Assure advertised, marketed, and promoted its mortgage foreclosure rescue services on its Internet website www.homeassure.com. Home Assure also registered the domain name www.homeassure.us, which redirected consumers to the main website.

14. Home Assure claimed that it could stop foreclosure and save consumers' homes. The following are illustrative of the claims made by Home Assure on its website:

- a. At Home Assure, we are committed to assisting you with keeping your home. We will act on your behalf and negotiate with your lender. **Whether your goal is to stay in your home or simply get out of it without going through foreclosure... We can help make it a reality.** (emphasis in original).

- b. Our counselors know exactly what to do and will work diligently with your lender and provide you with all options that are available for your situation to Stop Your Foreclosure Quickly!

- c. 100% SATISFACTION GUARANTEED OR YOUR MONEY BACK We firmly stand behind our promise to help you. If we are unable to negotiate a reasonable plan With [sic] your lender, to stop foreclosure, or remove your delinquency, we will refund your money.

- d. Home Assure helps stop mortgage foreclosures nationwide.

- e. We will negotiate with your lender to stop your foreclosures, so you don't have to!

- f. If we are unable to negotiate a plan with your lender that improves your situation or gives you a viable strategy to avoid foreclosure, we will refund 100% of your money . . . No questions asked!

- g. We have some of the most experienced and well respected specialists in the industry whose sole purpose is to save your house, not [. . .] send you into bankruptcy.

15. The website advised consumers to call Home Assure's toll-free number for a "FREE Consultation" with a Home Assure foreclosure "consultant," or provide their contact information in a form on the website and receive a call from Home Assure.

16. When consumers called Home Assure's toll-free number, Home Assure's representatives promised consumers that Home Assure would stop the consumers' foreclosure and save their homes. As part of its sales pitch, Home Assure offered a number of possible "solutions" to consumers' foreclosure problems.

17. Home Assure's representatives told consumers that Home Assure had special expertise in negotiating with mortgage lenders, and that it had ongoing and positive relationships with many mortgage lenders, purportedly allowing Home Assure to obtain favorable loan modifications or loan forbearances on behalf of its customers.

18. Home Assure's website guaranteed that Home Assure would stop the consumers' foreclosure, offering "100% SATISFACTION GUARANTEED OR YOUR MONEY BACK." Home Assure's representatives made the same money-back guarantee to consumers over the telephone.

19. Home Assure's representatives would first determine that the consumers were "eligible" for Home Assure's promised services, then Home Assure charged consumers a fee ranging from $1,500 to $2,500. Typically, Home Assure instructed consumers to wire their payment through MoneyGram.

20. After consumers paid Home Assure for the mortgage foreclosure rescue services, Home Assure expressly instructed the consumers to cease all contact with their mortgage lender and allow Home Assure to handle all mortgage lender communications. In numerous instances, Home Assure failed to keep consumers informed of the status of their "foreclosure mitigation." In numerous instances, consumers had difficulty getting in touch with Home Assure's representatives.

21. In numerous instances, Home Assure failed to save the consumers' homes from foreclosure.

22.     In numerous instances, Home Assure refused to refund monies paid by consumers, sometimes claiming that consumers did not meet the terms of the contract for a refund or that consumers had breached the contract by contacting their lender or filing for bankruptcy, and sometimes flatly denying consumers' refund requests without giving a reason.

23.     In late 2008, Home Assure ceased soliciting customers. In November 2008, Blanchard organized B Home Associates, LLC doing business as Expert Foreclosure, as a Florida limited liability company, to solicit consumers, making similar representations and employing at least one of Home Assure's former employees.

24.     Blanchard and B Home Associates (collectively "Expert Foreclosure") advertise, market, and promote their mortgage foreclosure rescue services on their Internet websites www.expertforeclosure.com and www.expertforeclosure.us and on Craig's List.

25.     Expert Foreclosure claims that it could stop foreclosure and save consumers' homes. The following are illustrative of the claims made by Expert Foreclosure on its websites:

   a.    Stop Foreclosure on Your Home.

   b.    Saving Homes Nationwide.

   c.    By conducting a thorough examination of your current situation, our seasoned consultants will develop an affordable solution to save your home which will stop all foreclosure proceedings.

   d.    With the right help, virtually any foreclosure situation can be successfully resolved. Our consultants have helped hundreds of homeowners nationwide to stop this process and save their homes. We will work with you on a one on one basis to determine the most viable and affordable

        solution to your unique situation. We offer comprehensive solutions to foreclosure situations on a local and nationwide level. These solutions include Rate Reductions, Principal Balance Reductions, Extended Terms, Loan Modifications and Short Sales.

    e.    I was able to keep my home and avoid foreclosure completely. Thank you!

26. The Expert Foreclosure website advises consumers to provide their contact information in a form on the website and to await a call for a "FREE CONSULTATION" from an Expert Foreclosure consultant. The website also lists a toll-free phone number, a local phone number, and an email address questions@expertforeclosure.us.

27. When consumers call Expert Foreclosure's toll-free number, Expert Foreclosure's representatives promise consumers that Expert Foreclosure would stop the consumers' foreclosure and save their homes. As part of its sales pitch, Expert Foreclosure promises a number of possible "solutions" to consumers' foreclosure problems.

28. Expert Foreclosure's representatives tell consumers that Expert Foreclosure has special expertise in resolving mortgage delinquencies and saving homes from foreclosure. Expert Foreclosure's representatives tell consumers that Expert Foreclosure works with lenders daily, purportedly giving Expert Foreclosure the ability to obtain favorable loan modifications or loan forbearances on behalf of its customers.

29. Expert Foreclosure's representatives tell consumers that, if Expert Foreclosure cannot save their homes, Expert Foreclosure will give them their money back. Expert Foreclosure tells the consumers that, after they fill out a worksheet with financial

information, Expert Foreclosure will contact their mortgage companies and negotiate a solution to their mortgage situations.

30. Expert Foreclosure's representatives tell consumers that Expert Foreclosure needs to first determine whether that consumer "qualifies" for Expert Foreclosure's promised services. Once such qualifications are determined, then Expert Foreclosure tells consumers that they will need to pay a fee ranging from $750 to $2,000, usually within 48 hours. Typically, Expert Foreclosure instructs consumers to wire their payment through MoneyGram.

31. Expert Foreclosure expressly instructs consumers that they should cease all contact with their mortgage lenders after Expert Foreclosure is paid and that they should allow Expert Foreclosure to handle all mortgage lender communications.

## VIOLATIONS OF SECTION 5 OF THE FTC ACT

32. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits unfair or deceptive acts or practices in or affecting commerce.

33. Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

## COUNT I

34. Defendants have represented, expressly or by implication, that Defendants would stop consumers' foreclosures in all or virtually all instances.

35. In truth and in fact, Defendants did not stop consumers' foreclosures in all or virtually all instances.

36. Therefore, Defendants' representation set forth in Paragraph 34 was, and is, false and misleading and constitutes deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT II

37. Defendants have represented, expressly or by implication, that they would refund consumers' fees in all instances when foreclosure was not stopped.

38. In truth and in fact, Defendants did not refund consumers' fees in all instances when foreclosure was not stopped.

39. Therefore, Defendants' representation set forth in Paragraph 37 was, and is, false and misleading and constitutes deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## CONSUMER INJURY

40. Consumers throughout the United States have suffered and continue to suffer substantial injury as a result of Defendants' violations of the FTC Act as set forth above. In addition, Defendants have been unjustly enriched as a result of their unlawful acts and practices. Absent injunctive relief by the Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

41. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of the FTC Act. The Court, in the exercise of its equitable jurisdiction, may

award ancillary relief, including, but not limited to, rescission of contracts, restitution, and the disgorgement of ill-gotten gains, to prevent and remedy injury caused by Defendants' law violations.

## PRAYER FOR RELIEF

Wherefore, Plaintiff FTC, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and the Court's own equitable powers, requests that the Court:

1. Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief, including, but not limited to, temporary and preliminary injunctions, an order freezing assets, immediate access, and appointment of a receiver;

2. Enter a permanent injunction to prevent future violations of the FTC Act by Defendants;

3. Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act, including, but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies; and

4. Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Dated: *March 20*, 2009

Respectfully submitted,

DAVID C. SHONKA,
Acting General Counsel

*/s/ Ann F. Weintraub/*

ANN F. WEINTRAUB
DAVID W. DULABON
Federal Trade Commission
One Bowling Green, Suite 318
New York, NY 10004
Tel. (212) 607-2829
Fax (212) 607-2822
aweintraub@ftc.gov
ddulabon@ftc.gov
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION