UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL TRADE COMMISSION,

    Plaintiff,                             CASE NO: 8:09-cv-547-T-23 TBM

v.

HOME ASSURE, LLC,
a Florida limited liability company, et al.

    Defendants.
_____/

**DEFENDANTS' MOTION FOR LEAVE TO FILE A REPLY
IN FURTHER SUPPORT OF DEFENDANTS' MOTION *IN LIMINE***

Pursuant to Local Rule 3.01(d), M.D. Fla., Defendants Michael Trimarco and Nicolas Molina (collectively, "Defendants') respectfully submit this motion for leave to file a reply in further support of Defendants' Motion *in Limine* to Preclude and Strike the Unsupported, Irrelevant, and Unreliable Opinions of Kenneth Kelly and Ran Kivetz (the "Motion *in Limine*") [D.E. 243]. The bases for this motion are as follows:

1.    On March 24, 2010, the Federal Trade Commission ("FTC") filed its response (the "Response") [D.E. 253] to Defendants' Motion *in Limine*. The Response attaches for the first time certain documents that Defendants have never had the chance to rebut, but could easily do so if provided the opportunity in a reply filing. For example, the FTC attaches a "Reference Manual" that the FTC purports to support its supposed expert's flawed survey methodology, and particularly the survey's inexplicable upfront identification of the FTC as its sponsor. However, even the FTC's proffered "Manual" denotes that "it is <u>standard interview practice</u>" to ensure that respondents are "blind" to the sponsor of the survey. *See* Manual p. 266 (emphasis added) [D.E.

1

253-1]. The FTC also attaches to its Response a new declaration from FTC staff attorney Darren Lubetzky that purports to speak on whether Home Assure customers actually paid for any services.[1]

2.   The FTC's Response also misstates the Court's role in reviewing *Daubert* challenges, which Defendants could correct if provided an opportunity in a reply filing. For example, the FTC states in its Response that this Court need not conduct a *Daubert* analysis because this is a bench trial and "the gatekeeping purpose of *Daubert* is not implicated." *See* FTC's Response, at 8 [D.E. 253]. The FTC's Response ignores that the FTC has proffered its expert reports in alleged support of its motion for summary judgment. Thus, at this stage in the proceedings, where the FTC has asked the Court to rule against Defendants <u>without holding a bench trial</u>, the Court must conduct the requisite *Daubert* analysis. Moreover, where, as here, the testimony at issue is not competent expert testimony and will not assist the Court to determine a fact in issue, the Court should exclude such expert testimony prior to the bench trial to avoid wasting valuable trial time and Court resources. *See, e.g., Green v. Goodyear Dunlap Tire N. Am.*, Civil No. 08-472-GPM, 2010 WL 883653 * 2, 4 (S.D. Ill. March 5, 2010) (granting motion to exclude expert testimony prior to bench trial and stating that "although this case will be bench-tried, the Court believes it is proper to address Goodyear's *Daubert* challenge to certain opinions proffered by Derian before trial, to ensure that valuable trial time is not taken up with resolving threshold challenges to the admissibility of expert testimony."); *Chik-Fil A, Inc. v. CFT Development, LLC*, No. 5:07-cv-501-Oc-10GRJ, 2009 WL 1754058 *1 (M.D. Fla. 2009) (excluding certain expert opinions prior to conducting bench trial).

---

[1] Of note, this is yet another FTC staff attorney declaration that purports to speak on Home Assure's own business records, which the FTC has claimed (wrongly) that Home Assure's owner and manager cannot do despite the fact that he is infinitely more familiar with Home Assure's business records than the FTC. *See* D.E. 251.

HOMERBONNER
1200 Four Seasons Tower • 1441 Brickell Avenue • Miami, Florida 33131
Telephone: (305) 350-5100

3. In light of the above issues, as well as to rebut the many factual and legal inaccuracies that permeate the FTC's Response, Defendants respectfully request the opportunity to file a brief reply (limited to ten (10) pages), addressing these issues so the Court may make an more informed decision on Defendants' Motion *in Limine*.

4. Pursuant to Local Rule 3.01(g), M.D. Fla., counsel for Defendants has conferred with counsel for the FTC, who has indicated the FTC opposes the relief requested herein.

**WHEREFORE**, Defendants Michael Trimarco and Nicolas Molina respectfully request that this Court enter an order allowing Defendants to file a brief, ten (10) page reply to the FTC's Response to Defendants' Motion *in Limine*.

Respectfully submitted:

**HOMERBONNER**
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 350-5139
Telecopier: (305) 982-0063
Email: phomer@homerbonner.com

*Attorneys for Defendants Mike Trimarco and Nicolas Molina*

By: s/ Howard S. Goldfarb
    Peter W. Homer
    Florida Bar No: 291250
    Howard S. Goldfarb
    Florida Bar No. 0016568

**CASE NO: 8:09-cv-547-T-23 TBM**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served via CM/ECF on this 25th day of March, 2010 upon Ann F. Weintraub, Esq., attorney for Plaintiff, Federal Trade Commission, Northeast Regional Office, 1 Bowling Green, Suite 318, New York, New York 10004, Michael Grieco (mgrieco32@windstream.net), and Brian Blanchard (BrianB5167@yahoo.com).

s/ Howard S. Goldfarb<br>
Howard S. Goldfarb