UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.                                            CASE NO.: 8:09-cv-547-T-23TBM

HOME ASSURE, LLC, et al.,

    Defendants.
_____/

**ORDER**

The plaintiff (the "FTC") moves (Doc. 240) to strike the declaration (Doc. 221) of Michael Grieco ("Grieco"), which the defendants Michael Trimarco ("Trimarco") and Nicolas Molina ("Molina") submit in opposing (Doc. 217) the FTC's motion for summary judgment. Specifically, the FTC moves to strike (1) paragraphs seven through ten, which provide statistics generated from Home Assure's database;[1] (2) paragraphs fourteen through sixteen, which "purport to rebut the findings submitted by the FTC's two experts;" and (3) paragraphs seventeen through thirty-six, which compare each of the nineteen customer declarations submitted by the FTC to Home Assure's record for each customer. The defendants oppose (Doc. 251) the motion.

Discussion

Rule 56(e), Federal Rules of Civil Procedure, governs the submission of an affidavit in support of, or in opposition to, a motion for summary judgment. Under Rule 56(e):

---

[1] The parties assign Home Assure's "foreclosure assistance tracking system" the acronym "FATS."

> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

If all or part of an affidavit either (1) fails to comply with Rule 56(e) or (2) constitutes a "sham affidavit," the objectionable material is appropriately stricken or disregarded. See 11 MOORE'S FEDERAL PRACTICE § 56.14 (3d ed.); Atkins v. Fulton County, Ga., 278 F. App'x 964, 967-68 (11th Cir. 2008); see also Lee v. Nat'l Life Assur. Co. of Canada, 632 F.2d 524, 529 (5th Cir. 1980);[2] Salas v. Carpenter, 980 F.2d 299, 304 (5th Cir. 1992); Brassfield v. Jack McLendon Furniture, Inc., 953 F. Supp. 1424, 1430 (M.D. Ala. 1996).

"Under the 'personal knowledge' standard, an affidavit is inadmissible if the witness could not have actually perceived or observed that which is testified to." Generally, either a corporate officer or a custodian of records is presumed to possess personal knowledge of a fact contained in the corporation's records. 11 MOORE'S FEDERAL PRACTICE § 56.14 (3d ed.); see FED. R. EVID. 803(6); see F.D.I.C. v. Patel, 46 F.3d 482 (5th Cir. 1995); Barthelemy v. Air Lines Pilots Ass'n, 897 F.2d 999, 1018 (9th Cir. 1990) (inferring a corporate officer's personal knowledge of, and competence to testify to, information about the corporation). Hearsay in an affidavit merits consideration only "if the statement could be 'reduced to admissible evidence at trial' or 'reduced to admissible form.'" Macuba v. Deboer, 193 F.3d 1316, 1323 (11th Cir. 1999). An affidavit may be stricken as a "sham affidavit" if the affidavit "contradicts

---

[2] See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all former Fifth Circuit decisions entered before October 1, 1981).

- 2 -

previous deposition testimony and the party submitting the affidavit [fails to] give any valid explanation for the contradiction." Latimer v. Roaring Toyz, Inc., 2010 WL 1253090 (11th Cir. 2010). However, "some inherent inconsistency between an affidavit and a deposition" must exist to warrant disregarding or striking the affidavit. 2010 WL 1253090 at *10.

> To allow every failure of memory or variation in a witness's testimony to be disregarded as a sham would require far too much from lay witnesses and would deprive the trier of fact of the traditional opportunity to determine which point in time and with which words the witness (in this case, the affiant) was stating the truth. Variations in a witness's testimony and any failure of memory throughout the course of discovery create an issue of credibility as to which part of the testimony should be given the greatest weight if credited at all. Issues concerning the credibility of witnesses and weight of the evidence are questions of fact which require resolution by the trier of fact.

Tippens v. Celotex Corp., 805 F.2d 949, 953 -54 (11th Cir. 1986).

*1. Paragraphs Seven through Ten*

The FTC argues that Grieco's statistics as to Home Assure's customers (1) are conclusory because "Grieco provides no information as to how he derived th[e] numbers," (2) contradict Grieco's previous sworn statement, and (3) are both based on inadmissable hearsay and fail to qualify for admission under the "business record exception." In response, the defendants argue (1) that Grieco derived the information through his work in Home Assure's mitigation department and through his review of Home Assure's database, (2) that providing the entirety of Home Assure's database (and the database's "tens of thousands of electronically stored pages, viewable through a computer program") is neither feasible nor necessary to support the statistics in

Grieco's affidavit,[3] and (3) that "to the extent that certain data is hearsay" the data "could be reduced to admissible evidence at trial or reduced to admissible form." (Doc. 251)

In this instance, Grieco attests to his personal knowledge of the facts stated in the affidavit, which knowledge Grieco obtained both as the manager of Home Assure's mitigation department and through a review of the information contained in Home Assure's FATS database. Grieco possesses—by virtue of his managing Home Assure's mitigation department, his implementing the FATS database at Home Assure, and his reviewing the FATS database—personal knowledge of the records contained in the FATS database. The FTC describes several inconsistencies, including the inconsistency (1) between the FTC's review of the FATS database (the results of which the FTC submits in an affidavit by FTC counsel) and Grieco's review of the database, (2) between Grieco's statements as to how many Home Assure customers received a "resolution" from the lender, and (3) between Grieco's statements as to who entered the data into the FATS database and the meaning of each designation. No inconsistency, however, appears to warrant striking the affidavit as a "sham." Rather, each inconsistency is "the type of inconsistency that [a party] should test through cross-examination at trial." See Allen v. Bd. of Pub. Educ. for Bibb County, 495 F.3d 1306, 1316-17 (11th Cir. 2007).

Grieco's statistics rely on "designations," entered into the FATS system by either Grieco or another Home Assure employee, which designations categorize a customer

---

[3] The defendants provided in discovery the entirety of the FATS database to the FTC.

as (1) "resolution reached," (2) "no refund," and (3) "no contact."  Each designation is a statement, as defined in Rule 801, Federal Rules of Evidence, to the extent that each designation asserts that Home Assure (1) reached a resolution for the customer, (2) refused to refund Home Assure's fee, or (3) lost contact with the customer (presumably because the customer failed to maintain constant contact with Home Assure, as contemplated by Home Assure's working agreement).  Grieco offers each statement to prove the truth of the assertion that Home Assure (1) reached a resolution for 1,621 customers; (2) refused to refund Home Assure's fee to 205 customers; and (3) lost contact with 242 customers.  Each designation is inadmissible hearsay.  Nevertheless, a designation may at trial constitute admissible evidence under one or more hearsay exception in Rule 803.

*2. Paragraphs Fourteen through Sixteen*

The FTC argues that Grieco's statements in paragraphs fourteen, fifteen, and sixteen, which respond to the FTC's expert reports, are (1) not based upon Grieco's personal knowledge and (2) not supported by admissible evidence.

In paragraph fourteen, Grieco states that he conducted an "examination of the 272 customers that Dr. [Kenneth] Kelly supposedly analyzed to determine whether Home Assure obtain[ed] a lender offer."  Grieco also provides his opinion of Dr. Kelly's methodology.  Paragraph fifteen states information that Grieco obtained by reviewing the FATS record for each of the 272 customers.  Paragraph sixteen states (1) that Greico reviewed the FATS record for each of the 153 customers that Dr. Ran Kivetz surveyed and (2) that Grieco found an inconsistency between a customer's statement to

Dr. Kivetz and a FATS record for the customer.  For example, Grieco provides a record for each of two customers who claimed that Home Assure failed to provide a refund. The records (copies of checks, which copies Grieco attaches to his affidavit) suggest that the two customers in fact received some form of a refund.  Each statement rests (1) on Grieco's personal knowledge of the FATS database and (2) on information that the defendants may reduce to admissible evidence at trial.

*3. Paragraphs Seventeen through Thirty-Six*

The FTC moves also to strike Grieco's review of the FATS record for each of the nineteen customers whose declarations the FTC submits in support of summary judgment, because Grieco "lacks direct personal knowledge concerning these customers (other than handling their refund requests) . . . ."  However, as explained, Grieco need not show that he "personally handled" each customer in order to possess personal knowledge of Home Assure's records.

Conclusion

Accordingly, the FTC's motion (Doc. 240) to strike is **DENIED**.

ORDERED in Tampa, Florida, on April 26, 2010.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE