## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**FEDERAL TRADE COMMISSION,**

Plaintiff,

v.

**HOME ASSURE, LLC,** et al.

Defendants.

**Case No. 8:09-cv-547-T-23 TBM**

## (PROPOSED) STIPULATED JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND MONETARY RELIEF AGAINST DEFENDANT HOME ASSURE, LLC

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), commenced this action on March 24, 2009 by filing its Complaint for injunctive and other equitable relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), for violations of Section 5(a) of the FTC Act. The Clerk of the Court entered a default against Defendant Home Assure on May 20, 2009. On July 27, 2010 Home Assure, LLC ("Home Assure") appeared in this matter, and the default was lifted on _____, 2010. Plaintiff FTC and Defendant Home Assure have agreed to the entry by this Court of this Stipulated Final Judgment and Order for Permanent Injunction ("Order") to resolve all matters of dispute between them in this action.

**NOW, THEREFORE,** Plaintiff FTC and Defendant Home Assure having requested the Court to enter this Order,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

## FINDINGS

1.    This action by the Commission is instituted under Section 13(b) of the FTC Act,

15 U.S.C. § 53(b).  Pursuant to this statute, the Commission has the authority to

seek the relief contained herein.

2.    This Court has jurisdiction over the subject matter and the parties.

3.    Venue in the United States District Court for the Middle District of Florida is

proper as to all parties.

4.    The Complaint states a claim against Home Assure upon which relief may be

granted under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and

53(b).

5.    The activities of Defendant Home Assure are or were in or affecting commerce,

as defined by Section 4 of the FTC Act, 15 U.S.C. § 44.

6.    Defendant Home Assure has waived any and all rights that may arise under the

Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this

action through the date of entry of this Order.

7.    This Order is in addition to, and not in lieu of, any other civil or criminal

remedies that may be provided by law.

8.    This Order is remedial in nature and shall not be construed as the payment of a

fine, penalty, punitive assessment, or forfeiture.

-2-

9.    Plaintiff and Defendant Home Assure waive all rights to seek appellate review or
      otherwise challenge or contest the validity of this Order. Defendant Home Assure
      further waives and releases any claim it may have against the Commission, its
      employees, agents, and representatives.

10.   Entry of this Order is in the public interest.

11.   This Order is for settlement purposes only, and does not constitute and shall not
      be interpreted to constitute an admission by Defendant Home Assure or a finding
      that the law has been violated as alleged in the Complaint, or that the facts alleged
      in the Complaint, other than jurisdictional facts, are true.

## DEFINITIONS

1.    **"Asset" or "assets"** means any legal or equitable interest in, right to, or claim to,
      any real and personal property, including, but not limited to, "goods,"
      "instruments," "equipment," "fixtures," "general intangibles," "inventory,"
      "checks," and "notes" (as these terms are defined in the Uniform Commercial
      Code), and all chattel, leaseholds, contracts, mail or other deliveries, shares of
      stock, lists of consumer names, accounts, credits, receivables, funds, reserve
      funds, and cash, wherever located.

2.    **"Assisting others"** includes, but is not limited to  (A) performing customer
      service functions, including, but not limited to, receiving or responding to
      consumer complaints;  (B) formulating or providing, or arranging for the
      formulation or provision of, any telephone sales script or other marketing

-3-

material, including, but not limited to, the text of any Internet website, email or other electronic communication; (C) providing names of, or assisting in the generation of lists of, potential customers; (D) performing marketing services of any kind; (E) processing credit and debit card payments; (F) hiring, recruiting, or training personnel; (G) advising or acting as a consultant to others on the commencement or management of a business venture; or (H) acting or serving as an owner, officer, director, manager, or principal of any entity.

3. **"Credit"** means the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment.

4. **"Debt relief good or service"** means any good, service, plan, or program, including debt management plans, debt settlement, debt negotiation, and for-profit credit counseling, represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more unsecured creditors, servicers, or debt collectors, including but not limited to, a reduction in the balance, interest rate, or fees owed by a consumer to an unsecured creditor, servicer, or debt collector.

5. **"Document"** is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes both documents and electronically stored information, including, but not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and

-4-

translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term "document."

6.    **"Federal homeowner relief or financial stability program"** means any program (including its sponsoring agencies, telephone numbers, and Internet websites) operated or endorsed by the United States government to provide relief to homeowners or stabilize the economy, including but not limited to (A) the Making Home Affordable Program; (B) the Financial Stability Plan; (C) the Troubled Asset Relief Program and any other program sponsored or operated by the United States Department of the Treasury; (D) the HOPE for Homeowners program, any program operated or created pursuant to the Helping Families Save Their Homes Act, and any other program sponsored or operated by the Federal Housing Administration; or (E) any program sponsored or operated by the United States Department of Housing and Urban Development ("HUD"), the HOPE NOW Alliance, the Homeownership Preservation Foundation, or any other HUD-approved housing counseling agency.

7.    **"Financial Related Good or Service"** means any good, service, plan, or program that is represented, expressly or by implication, to (A) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards; (B) improve, or arrange to improve, any consumer's credit record, credit history, or credit rating; (C) provide advice or assistance to

-5-

any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating; (D) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit; (E) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, debt relief goods or services; or (F) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving any service represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more secured creditors, servicers, or debt collectors.

8.  **"For-profit"** means any activity organized to carry on business for the profit of the entity engaging in the activity or that of its members.

9.  **"Mortgage loan modification or foreclosure relief service"** means any good, service, plan, or program that is represented, expressly or by implication, to assist a consumer in any manner to (A) stop, prevent, or postpone any home mortgage or deed of trust foreclosure sale; (B) obtain or arrange a modification of any term of a home loan, deed of trust, or mortgage; (C) obtain any forbearance from any mortgage loan holder or servicer; (D) exercise any right of reinstatement of any mortgage loan; (E) obtain, arrange, or attempt to obtain or arrange any extension of the period within which the owner of property sold at foreclosure may cure his or her default or reinstate his or her obligation; (F) obtain any waiver of an

-6-

acceleration clause contained in any promissory note or contract secured by a deed of trust or mortgage on a residence in foreclosure or contained in that deed of trust; (G) obtain a loan or advance of funds that is connected to the consumer's home ownership; (H) avoid or ameliorate the impairment of the consumer's credit record, credit history, or credit rating that is connected to the consumer's home ownership; (I) save the consumer's residence from foreclosure; (J) assist the consumer in obtaining proceeds from the foreclosure sale of the consumer's residence; (K) obtain or arrange a pre-foreclosure sale, short sale, or deed-in-lieu of foreclosure; (L) obtain or arrange a refinancing, recapitalization, or reinstatement of a home loan, deed of trust, or mortgage; (M) audit or examine a consumer's mortgage or home loan application; or (N) obtain, arrange, or attempt to obtain or arrange any extension of the period within which the renter of property sold at foreclosure may continue to occupy the property. The foregoing shall include any manner of claimed assistance, including, but not limited to, debt, credit, budget, or financial counseling; receiving money for the purpose of distributing it to creditors; contacting creditors or servicers on behalf of the consumer; and giving advice of any kind with respect to filing for bankruptcy.

10.    **"Material"** means any fact that is likely to affect a person's choice of, or conduct regarding, any good, service, plan, or program.

11.     **"Person"** means a natural person, an organization, or other legal entity, including

a corporation, partnership, sole proprietorship, limited liability company,

association, cooperative, or any other group or combination acting as an entity.

12.     The terms **"and"** and **"or"** shall be construed conjunctively or disjunctively as

necessary, and to make the applicable phrase or sentence inclusive rather than

exclusive.

## ORDER

## I.      BAN ON LOAN MODIFICATION AND FORECLOSURE RELIEF SERVICES

**IT IS HEREBY ORDERED** that Defendant Home Assure and its successors and

assigns, whether acting directly or through any other person, corporation, partnership,

subsidiary, division, or other device, is permanently restrained and enjoined from

A.     Advertising, marketing, promoting, offering for sale, or selling any

mortgage loan modification or foreclosure relief service; and

B.     Assisting others engaged in advertising, marketing, promoting, offering

for sale, or selling any mortgage loan modification or foreclosure relief service.

## II.     PROHIBITED REPRESENTATIONS RELATING TO FINANCIAL RELATED GOODS AND SERVICES

**IT IS FURTHER ORDERED** that Defendant Home Assure, and its successors

and assigns, and their officers, agents, servants, employees, and attorneys, and those

persons or entities in active concert or participation with any of them who receive actual

notice of this Order by personal service, facsimile transmission, email, or otherwise,

-8-

whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any financial related good or service, are hereby permanently restrained and enjoined from:

     A.     Misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

     1.     The terms or rates that are available for any loan or other extension of credit, including but not limited to:

     (a)     closing costs or other fees;

     (b)     the payment schedule, the monthly payment amount(s), or other payment terms, or whether there is a balloon payment; interest rate(s), annual percentage rate(s), or finance charge; the loan amount, the amount of credit, the draw amount, or outstanding balance; the loan term, the draw period, or maturity; or any other term of credit;

     (c)     the savings associated with the credit;

     (d)     the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;

     (e)     whether the payment of the minimum amount specified each month covers both interest and principal, and whether the credit has or can result in negative amortization;

(f)     that the credit does not have a prepayment penalty or that no prepayment penalty and/or other fees or costs will be incurred if the consumer subsequently refinances; and

(g)     that the interest rate(s) or annual percentage rate(s) are fixed rather than adjustable or adjustable rather than fixed;

2.     That any person can improve any consumer's credit record, credit history, or credit rating by permanently removing negative information from the consumer's credit record, credit history, or credit rating, even where such information is accurate and not obsolete;

3.     Any person's ability to improve or otherwise affect a consumer's credit record, credit history, or credit rating or ability to obtain credit;

4.     Any aspect of any debt relief good or service, including but not limited to, the amount of savings a consumer will receive from purchasing, using, or enrolling in such debt relief good or service; the amount of time before which a consumer will receive settlement of the consumer's debts; or the reduction or cessation of collection calls; and

5.     That a consumer will receive legal representation; and

B.     Advertising or assisting others in advertising credit terms other than those terms that actually are or will be arranged or offered by a creditor or lender.

-10-

## III. PROHIBITED REPRESENTATIONS RELATING TO ANY GOODS OR SERVICES

**IT IS FURTHER ORDERED** that Defendant Home Assure, and its successors and assigns, and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any good, service, plan, or program are hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

A.      Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

B.      That any person is affiliated with, endorsed or approved by, or otherwise connected to any other person, government entity, any federal homeowner relief or financial stability program, or any other program;

C.      The total costs to purchase, receive, or use, and the quantity of, the good or service;

D.      Any material restriction, limitation, or condition to purchase, receive, or use the good or service; and

-11-

E.     Any material aspect of the performance, efficacy, nature, or characteristics of the good or service.

## IV.  MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.     Judgment is hereby entered against Defendant Home Assure in the amount of $2,400,000 (Two Million Four Hundred Thousand Dollars) as equitable monetary relief.   Within ten (10) days of the Commission's approval of this Order, Defendant Home Assure shall transfer the Monetary Judgment to its attorney, who shall hold the entire sum for no other purpose than payment to the Federal Trade Commission after entry of this Order.   Within five (5) days receipt of notice of the entry of this Order, Defendant Home Assure's attorney shall wire transfer the Monetary Judgment to the Federal Trade Commission, in accordance with instructions provided by a representative of the Commission.

B.     In the event of Defendant Home Assure's default on any obligation to make payment under this Order, interest, computed pursuant to 28 U.S.C. § 1961(a), shall accrue from the date of default to the date of payment, and shall immediately become due and payable.  In the event such default continues for ten (10) calendar days beyond the date the payment is due, the entire amount of the judgment, less any amounts previously paid pursuant to this order, together with interest, shall immediately become due and payable.

-12-

C.      All funds paid pursuant to this Order shall be deposited into a fund administered by the Commission or its agents to be used for equitable relief, including, but not limited to, redress to consumers, and any attendant expenses for the administration of such equitable relief. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after the redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendant Home Assure's practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. Defendant Home Assure shall have no right to challenge the Commission's choice of remedies under this Paragraph. Defendant Home Assure shall have no right to contest the manner of distribution chosen by the Commission.

D.      No portion of any payment under the Judgment herein shall be deemed a payment of any fine, penalty, or punitive assessment.

E.      Defendant Home Assure relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law. Defendant shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

F.      Defendant Home Assure agrees that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including, but not limited to, a

-13-

nondischargeability complaint in any bankruptcy case. Defendant further stipulates and agrees that the facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order shall have collateral estoppel effect for such purposes.

G.      In accordance with 31 U.S.C. § 7701, Defendant Home Assure is hereby required, unless it has already, to furnish to the Commission its taxpayer identifying number(s), which shall be used for the purposes of collecting and reporting on any delinquent amount arising out of Defendant's relationship with the government.

## V.      LIFTING OF THE ASSET FREEZE

**IT IS FURTHER ORDERED** that the asset freeze set forth in the Preliminary Injunction, entered by this Court on April 16, 2009 shall be lifted to the extent necessary to turn over Defendant Home Assure's assets as required by Section IV.A of this Order, and upon completion of the turn-over as required by Section IV.A of this Order, shall be dissolved and lifted permanently.

## VI.      ORDER PROVISION REGARDING CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendant Home Assure, and its successors and assigns, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from:

-14-

A.     Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), of any person which any Defendant obtained prior to entry of this Order in connection with Defendant Home Assure's mortgage loan modification or foreclosure relief service; and

B.     Failing to dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after entry of this Order.  Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

**Provided, however,** that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, AVC, or court order.

## VII.   COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order:

A.     Within ten (10) days of receipt of written notice from a representative of the Commission, Defendant Home Assure, and its successors and assigns, shall submit additional written reports, which are true and accurate and sworn to under penalty of

-15-

perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in Defendant Home Assure's possession or direct or indirect control to inspect the business operation;

      B.     In addition, the Commission is authorized to use all other lawful means, including but not limited to:

                1.     obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69;

                2.     having its representatives pose as consumers and suppliers to Defendant Home Assure, and its successors and assigns, its employees, or any other entity managed or controlled in whole or in part by Defendant Home Assure, without the necessity of identification or prior notice; and

      C.     Defendant Home Assure, and its successors and assigns, shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order.  The person interviewed may have counsel present.

***Provided however,*** that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant

-16-

to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## VIII. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A.　　For a period of three (3) years from the date of entry of this Order, Defendant Home Assure, and its successors and assigns, shall notify the Commission of any changes in structure of Defendant Home Assure or any business entity that Defendant Home Assure directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any such change in the business entity about which Defendant Home Assure learn less than thirty (30) days prior to the date such action is to take place, Defendant Home Assure, and its successors and assigns, shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.　　One hundred eighty (180) days after the date of entry of this Order and annually thereafter for a period of three (3) years, Defendant Home Assure, and its successors and assigns, shall provide a written report to the FTC, which is true and

-17-

accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which it has complied and is complying with this Order. This report shall include, but not be limited to:

     C.     A copy of each acknowledgment of receipt of this Order, obtained pursuant to the Section titled "Distribution of Order;" and

     D.     Any other changes required to be reported under Subsection A of this Section.

     E.     Defendant Home Assure, and its successors and assigns, shall notify the Commission of the filing of a bankruptcy petition by Defendant Home Assure, and its successors and assigns, within fifteen (15) days of filing.

     F.     For the purposes of this Order, Defendant Home Assure, and its successors and assigns, shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier all reports and notifications required by this Order to the Commission, to the following address:

> Associate Director for Enforcement
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W., Room NJ-2122
> Washington, D.C. 20580
> RE: FTC v. Home Assure, LLC, et al. 8:09-cv-547-T23 TBM (M.D. Fla.)

*Provided* that, in lieu of overnight courier, Defendant Home Assure, and its successors and assigns, may send such reports or notifications by first-class mail, but only if Defendant Home Assure, and its successors and assigns, contemporaneously

sends an electronic version of such report or notification to the Commission at:

DEBrief@ftc.gov.

      G.     For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with the Defendant and its successors and assigns.

## IX.    RECORD KEEPING PROVISIONS

      **IT IS FURTHER ORDERED** that, for a period of six (6) years from the date of entry of this Order, in connection with the advertising, marketing, promoting, offering for sale, or sale of mortgage loan modification or foreclosure relief services, Defendant Home Assure, and its successors and assigns, and their agents, employees, officers, corporations, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

      A.     Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

      B.     Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

      C.     Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or

services purchased, to the extent such information is obtained in the ordinary course of business;

     D.     Complaints and refund requests (whether received directly or indirectly, such as through a third party) and any responses to those complaints or requests;

     E.     Copies of all sales scripts, training materials, advertisements, or other marketing materials, including websites; and

     F.     All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order required by the Sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order" and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

## X.    DISTRIBUTION OF ORDER

     **IT IS FURTHER ORDERED** that, for a period of three (3) years from the date of entry of this Order, Defendant Home Assure, and its successors and assigns, shall deliver copies of the Order as directed below:

     A.     Defendant Home Assure, and its successors and assigns, must deliver a copy of this Order to (1) all of its principals, officers, directors, and managers; (2) all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection A of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Order upon such

-20-

Defendant. For new personnel, delivery shall occur prior to them assuming their
responsibilities. For any business entity resulting from any change in structure set forth
in Subsection A of the Section titled "Compliance Reporting," delivery shall be at least
ten (10) days prior to the change in structure.

B. Defendant Home Assure, and its successors and assigns, must secure a
signed and dated statement acknowledging receipt of the Order, within thirty (30) days of
delivery, from all persons receiving a copy of the Order pursuant to this Section.

## XI.   ACKNOWLEDGMENT OF RECEIPT OF ORDER

**IT IS FURTHER ORDERED** that Defendant Home Assure, and its successors
and assigns, within five (5) business days of receipt of this Order as entered by the Court,
must submit to the Commission a truthful sworn statement acknowledging receipt of this
Order.

## XII.   COMPLETE SETTLEMENT

The parties hereby consent to entry of this Order, which shall constitute a final
judgment and order in this matter. The parties further stipulate and agree that the entry of
this Order shall constitute a full, complete, and final settlement of this action.

-21-

## XII.   RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this

matter for purposes of construction, modification, and enforcement of this Order.


**STIPULATED AND AGREED TO BY:**

**PLAINTIFF:**

WILLARD K. TOM
General Counsel
LEONARD L. GORDON
Director, Northeast Region

FEDERAL TRADE COMMISSION

DATED:   7/27/10

ANN F. WEINTRAUB
DAVID DULABON
DARREN H. LUBETZKY
Federal Trade Commission
One Bowling Green, Suite 318
New York, NY 10004
(212) 607-2829 (telephone)
(212) 607-2822 (facsimile)
aweintraub@ftc.gov
ddulabon@ftc.gov
dlubetskv@ftc.gov

**DEFENDANT:**

DATED:   6/28/2010

MICHAEL GRIECO, AS AN
OFFICER OF DEFENDANT
HOME ASSURE, LLC


-22-

_____  DATED: _06_/_29_/_10___

PETER W. HOMER
HOWARD S. GOLDFARB
HomerBonner
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, FL 33131
Tel. (305) 350-5139
Fax (305) 982-0063
phomer@homerbonner.com
hgoldfarb@homerbonner.com
Counsel for Defendant Home Assure, LLC

**DONE AND ORDERED,** _____, this ____ day of _____, 2010 at ___.M.

_____

**STEVEN D. MERRYDAY**
United States District Court Judge